1    Cynthia L. Alexander, Esq.
     Nevada Bar No. 6718
2    Cassie R. Stratford, Esq.
     Nevada Bar No. 11288
3    SNELL & WILMER L.L.P.
     3883 Howard Hughes Parkway
4    Suite 1100
     Las Vegas, NV 89169
5    Telephone (702) 784-5200
     Facsimile  (702) 784-5252
6    calexander@swlaw.com

7    *Attorneys for Wells Fargo Bank, N.A.*

8                    IN THE UNITED STATES DISTRICT COURT

9                            DISTRICT OF NEVADA

10

11   BELFOR USA GROUP, INC., a Colorado          Case No.  2:10-cv-01220-PMP-GWF
     Corporation,

12                         Plaintiff,

13   vs.                                          **STIPULATION AND ORDER RE
                                                   PRODUCTION OF CONFIDENTIAL
14   WELLS FARGO BANK, N.A., a Delaware            INFORMATION**
     corporation; and TERESINA MAHONEY,
15   an individual,

16                         Defendants.

17

18          Plaintiff Belfor USA Group, Inc., ("*Plaintiff*") by and through its attorneys, the firms of

19   Jaffe, Raitt, Heuer & Weiss and Nersesian & Sankiewicz, and Defendant Wells Fargo Bank,

20   N.A., ("*Wells Fargo*"), by and through its attorneys, Snell & Wilmer L.L.P., (collectively "*the

21   Parties*" or individually a "*Party*") hereby stipulate to the following Confidentiality Agreement:

22          WHEREAS the parties in this matter may be required under Federal Rules of Civil

23   Procedure, or pursuant to written discovery requests, to produce documents and/or information

24   that contain proprietary information, sensitive financial information, confidential information,

25   documents containing business procedures and/or policies that the Parties have a desire to remain

26   confidential, and/or trade secrets (hereinafter collectively referred to as "*Confidential

27   Information*").

28

     12578408. 1

*(left margin)* Snell & Wilmer L.L.P. LAW OFFICES 3883 HOWARD HUGHES PARKWAY, SUITE 1100 LAS VEGAS, NEVADA 89169 (702)784-5200

WHEREAS, in light of the foregoing, the Parties have agreed to establish procedures to protect the confidentiality of the Confidential Information;

NOW, THEREFORE, it is hereby stipulated and agreed, and the Court is respectfully requested to enter an Order, as follows:

1. Any discovery response, information, document or thing produced, and/or all deposition testimony given in connection with this litigation that contains sensitive information may be designated as Confidential Information. Confidential Information may include: (a) all paper, tapes, documents (including answers to document requests, interrogatories, and requests for admission), disks, diskettes, emails and other electronic data, and other tangible things produced by or obtained from any person in connection with this litigation; (b) transcripts of depositions, in whole or in part, and exhibits thereto; and (c) all copies, extracts, and complete or partial summaries or charts or notes prepared or derived from such papers, documents or things. The handling of such information shall be made in accordance with the terms of this Order. A discovery response, information, document or thing produced, and/or all deposition testimony may be designated as Confidential Information by one of the following methods:

a. In the case of documents or other materials (apart from depositions or other pretrial testimony): by affixing the legend "Confidential" to each page containing any Confidential Information, except that in the case of multi-page documents bound together by staple or other permanent binding, the word(s) "Confidential" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential; and,

b. In the case of depositions, including exhibits thereto, or other pretrial testimony: (i) by a statement on the record, by any counsel or the deponent, at the time of such disclosure; or (ii) by written notice from any Party's counsel or the deponent or his/her counsel, within ten business days after receiving a copy of the transcript thereof, designating all or some of the transcript and/or documents referred to therein as Confidential. Such written notice must be sent to counsel for all Parties, the deponent and counsel for the deponent. Only those portions of the transcripts so designated as

12578408. 1

- 2 -

"Confidential" must be treated as Confidential.  The Parties may modify this procedure for any particular deposition, by a writing signed by counsel for all Parties and by the deponent or counsel for the deponent, without further order from the Court.

2.      The designation "Confidential" shall apply to materials and information that may be disclosed to the parties and others identified in this Order for the purposes of the litigation, but which is intended to be protected against disclosure to third parties.  Absent a specific order by the Court to the contrary, once designated as "Confidential," such information shall be used by the parties solely in connection with this litigation, and not for any business, competitive, other litigation or governmental purpose or function, and such information shall not be disclosed to anyone except as expressly provided herein.

3.      If a party inadvertently fails to mark "Confidential" upon production of information, the disclosing party may subsequently designate that material as Confidential by giving written notice to the receiving party and providing properly marked or designated copies within fifteen (15) days of such notice.  In the event information is not marked as confidential and is used by the opposing party prior to any confidential designation, it shall be incumbent upon the designating party to prove the confidential nature of such material to the Court.

4.      Any party may, at any time, request or contest in writing that any Confidential Information be released from the requirements of this Confidentiality Agreement.  A party who makes such a contention shall be referred to in this Order as the "Requesting Party".  Upon written contention, the party claiming that information is "Confidential" shall meet and confer with the Requesting Party within ten (10) days of receipt of a written request therefor.  If an agreement cannot be reached by negotiation, and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may make an application for a ruling from the Court on the continued application of the "Confidential" designation of such information or document.  The Requesting Party shall submit the contested Confidential Information to the Court for in camera inspection, and the terms of this Stipulation and Protective Order shall continue to apply to such Confidential Information until the Court rules on the

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

12578408. 1

1   application.  The burden of proof to maintain the Confidential designation shall remain with the

2   Party seeking the Confidential designation.

3        5.     Confidential Information and information derived from Confidential Information,

4   including without limitation any testimony about an exhibit designated as Confidential, shall not

5   be disclosed except as set forth herein.

6        6.     Confidential Information may only be disclosed to the following persons:

7        a.     any party and counsel of record for any party to this action;

8        b.     paralegal, stenographic, clerical and secretarial personnel employed by

9   current for a party to the case, (including but not limited to photocopy service personnel and

10  document management vendors, such as coders and data-entry personnel, retained by outside

11  counsel);

12       c.     stenographic, video or audio court reporters engaged to record depositions

13  in this litigation, and certified interpreters and/or translators for those depositions, if any;

14       d.     non-party expert(s) or consultant(s) and their secretarial, technical and

15  clerical employees (including but not limited to photocopy service personnel and document

16  management vendors, such as coders and data-entry personnel, retained by outside counsel) who

17  actively assist in the preparation of this action;

18       e.     any person identified on the face of any such Confidential Information as

19  an author or recipient thereof;

20       f.     any person who is determined to have been an author and/or previous

21  recipient of the Confidential Information, but who is not identified on the face thereof, provided

22  there is prior testimony of actual authorship or receipt of the Confidential Information by such

23  person prior to such person being shown any Confidential Information;

24       g.     any non-party engaged by the Parties or appointed by the Court for

25  purposes of acting as a Discovery Referee, Special Master, and/or neutral arbitrator or mediator in

26  any alternative dispute resolution procedures in which the Parties may participate; and

27       h.     any other person by written agreement among all Parties' counsel, or by

28  order of the Court;

12578408. 1

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

7.    Each individual identified in paragraphs 6 (a) - (h) above to whom Confidential Information is furnished, shown, or disclosed shall, prior to the time he or she receives access to such materials, be provided by counsel furnishing him or her such material a copy of this Order. Counsel disclosing Confidential Information shall advise said persons of the provisions of this Confidentiality Agreement and secure adequate assurance of confidentiality and agreement from that person or entity: (1) to be bound by the terms hereof, (2) to maintain the received Confidential Materials in confidence, and (3) not to disclose the received Confidential Materials to anyone other than in accordance with the terms of this Confidentiality Agreement.

8.    The foregoing is without prejudice to the right of any party to this Order to:

a.    seek to modify or obtain relief from any aspect of this Order; or

b.    object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part as Confidential Information governed by this Protective Order.

9.    Nothing in this Confidentiality Agreement shall prohibit a Party from using Confidential Materials for deposition preparation, use during a deposition, or from marking any Confidential Materials as an exhibit to a deposition and examining the deponent thereon. Likewise, nothing in this Confidentiality Agreement shall prohibit a Party from using Confidential Materials for examination of a witness at trial, or from marking any Confidential Materials as an exhibit during trial and examining a trial witness thereon.

10.    Nothing in this Confidentiality Agreement shall prohibit a Party from disclosing Confidential Materials pursuant to a valid law enforcement subpoena or as required to do so by order of a court of competent jurisdiction.  Disclosure of Confidential Materials pursuant to a valid law enforcement subpoena or as required by order of a court of competent jurisdiction shall not constitute a violation of this Agreement.

11.    If Confidential Information is disclosed at a deposition, only the stenographic, video or audio reporter and those persons who are authorized by the terms of this Order to receive such material may be present.  The portions of the transcripts of all testimony designated as Confidential Information shall be labeled with the appropriate designation by the reporter.  If any

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

12578408. 1

1  document or information designated as Confidential Information pursuant to this Order is used

2  during the course of a deposition, that portion of the deposition record reflecting such material

3  shall be labeled with the appropriate "Confidential" designation.

4       12.    Any filing made with the Clerk of the Court, as such filing may be required or

5  permitted by the local rules of this Court, which contains or has attached to it Confidential

6  Information, shall be filed under seal and shall remain under seal (except that it may be unsealed

7  for examination by the Court as necessary).  For good cause shown, the Court may order that such

8  filing or portions thereof be unsealed.

9       13.    In the event of a hearing or trial in this matter at which any party intends to present

10  information or materials designated hereunder as Confidential, counsel for the Parties will meet

11  and confer to determine what safeguards are necessary to protect against the disclosure of the

12  designated information or materials, and shall attempt to determine the least intrusive and

13  burdensome means of protecting such materials during the proceeding.  Counsel for the Parties

14  shall confer on appropriate procedures for protecting the confidentiality of any documents,

15  information and transcripts used in the course of any court proceedings, and shall incorporate

16  such procedures into the pre-trial order.  For trial, the party seeking to use information designated

17  Confidential without redacting the Confidential portion of the information, shall, via written

18  motion in limine filed and served pursuant to the Court's trial scheduling order, submit all such

19  information (document, transcript, interrogatory answer, etc.) to the trial judge under seal for in

20  camera review, and a decision on whether such information can be used at trial, and if so, what

21  limitations, if any, shall apply.

22       14.    This Confidentiality Agreement shall survive the termination of this action and

23  shall continue in full force and effect thereafter. Within thirty (30) calendar days after the

24  termination of this action and the expiration of any and all rights of appeal or further appeal or the

25  expiration of time to seek leave to appeal, all persons or entities that have received Confidential

26  Materials shall return all such Confidential Materials to counsel for the designated Party. As an

27  alternative to returning all or part of such Confidential Materials, persons or entities may certify

28  in writing for the producing Party that they have destroyed all unreturned Confidential Materials.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

12578408. 1

Notwithstanding the foregoing, counsel for the Parties may keep Confidential Information to maintain the integrity of their respective files. Where a Party has provided Confidential Materials to a retained expert or consultant or any other person or entity, it shall be the responsibility of that Party to obtain the return or destruction of the Confidential Materials from such expert or consultant. This paragraph does not apply to the copies of Confidential Materials that have been submitted to and are in the possession of the Court. This Confidentiality Agreement shall not preclude the use or disclosure of any Confidential Materials during the trial of this action, subject to the right of any Party to seek an Order governing use of the Confidential Materials at trial.

15.     If at any time any Confidential Information protected by this Order or information produced in this litigation is subpoenaed from the receiving party by any court, administrative or legislative body, or is requested, via formal discovery request or otherwise, by any other person or entity purporting to have authority to require the production of such information, the party to whom the subpoena or other request is directed shall, within three (3) business days of receipt, give the other party hereto notice of said request. The party receiving the discovery request or subpoena shall in the interim take all necessary steps to protect the potentially Confidential Information and all information so designated in this case as if it were its own confidential information. The party receiving notice of a pending discovery request, subpoena, or other inquiry, shall have three (3) business days to advise, in writing, the party from whom the discovery was requested of its intent to protect the confidentiality of the information sought, or of its decision to allow it to be disclosed. The party objecting to the disclosure of the Confidential Information shall take all steps it deems necessary at its own expense, including incurring and paying its own attorney's fees. It is acknowledged and agreed that any violation or threatened violation of this provision by any party will cause immediate and irreparable harm entitling the other party to obtain injunctive relief, including a temporary restraining order without notice pending a hearing on an application for preliminary injunction in addition to all other legal remedies available.

16.     The terms of this Order shall be effective and enforceable as between the Parties immediately upon its execution by counsel for such parties.

12578408. 1

- 7 -

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

17. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

18. This Confidentiality Order may only be amended or modified by written agreement of the parties hereto and approved by this Court, or by order of this Court.

Dated this 23rd day of February, 2011.

JAFFE, RAITT, HEUER & WEISS

By: _____
Eric A. Linden, Esq.
Jaffe, Raitt, Heuer & Weiss
27777 Franklin Rd. Ste. 2500
Southfield, MI 48034
248-351-3000
*Attorney for Plaintiffs*
*PRO HAC VICE*

Dated this 23rd day of February, 2011.

SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie R. Stratford, Esq.
Nevada Bar No. 11288
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for Defendant Wells Fargo Bank,*
*N.A.*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702) 784-5200

12578408. 1

- 8 -

## ORDER

Based upon the parties' stipulation, **IT IS SO ORDERED** that the terms of this Confidentiality Agreement shall govern the production of Confidential Information, as defined herein, for the above-captioned litigation.

**IT IS FURTHER ORDERED** that this Court shall have jurisdiction over the parties hereto for the purpose of enforcing the terms and conditions of this Confidentiality Agreement.

DATED this 25th day of February, 2011.

GEORGE FOLEY, JR.
United States Magistrate Judge

Respectfully submitted,

SNELL & WILMER L.L.P.

By:
Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Cassie R. Stratford, Esq.
Nevada Bar No. 11288
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV  89169
*Attorneys for Defendant Wells Fargo Bank, N.A.*

12578408. 1

- 9 -