# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BELFOR USA GROUP, INC., | ) |
| Plaintiff, | ) Case No. 2:10-cv-01220-PMP-GWF |
| vs. | ) **ORDER** |
| WELLS FARGO BANK, *et al.*, | ) Motion to Compel Answers to Interrogatories and Production |
| Defendants. | ) of Documents (#93) |

This matter comes before the Court on Plaintiff Belfor USA Group, Inc.'s Motion to Compel Answers to Interrogatories and Production of Documents and Brief in Support of Same (#93), filed on August 24, 2011.

On July 7, 2011, Belfor served its First Set of Interrogatories and Requests for Admissions on Defendant Mahoney. Under the Rule 33, 34 and 36, Defendant Mahoney was required to respond by August 9, 2011. However, Defendant Mahoney failed to respond in any manner to Belfor's discovery requests. Plaintiff now requests an order compelling Defendant Teresina Mahoney to fully and completely answer Belfor's First Set of Interrogatories and Requests for Production of Documents. Plaintiff further requests the Court deem Belfor's Requests for Admission Nos. 1-6 admitted, and award Belfor reasonable expenses incurred in obtaining the Court's order.

To date, no party has responded to this motion and the time for opposition has now passed. LR 7-2(d) states in pertinent part, that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Upon review and consideration of Plaintiff's motion to compel and Defendant Mahoney's failure to file any response to the motion, the Court grants Plaintiff's motion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Belfor USA Group, Inc.'s Motion to Compel Answers to Interrogatories and Production of Documents and Brief in Support of Same (#93) is **granted** as follows:

1. Defendant Mahoney shall fully and completely respond to Belfor's First Set of Interrogatories and Requests for Production of Documents by **October 21, 2011**.

2. Pursuant to Rule 36(a)(3), Belfor's Request for Admissions 1-6 are deemed admitted.

3. Plaintiff Belfor may also apply for an award of reasonable attorney's fees and costs, if any, that they incurred as a direct result of obtaining this Order.

4. Counsel for Plaintiff shall, no later than 14 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motion addressed in this order. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

5. Defendant Mahoney shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

6. Counsel for Plaintiff shall have 7 days from service of the responsive memorandum in which to file a reply.

DATED this 12th day of October, 2011.

_George Foley Jr._
GEORGE FOLEY, JR.
United States Magistrate Judge