# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BELFOR USA GROUP, INC., ) | |
| ) Plaintiff, ) | Case No. 2:10-cv-01220-PMP-GWF |
| ) vs. ) | **ORDER** |
| ) WELLS FARGO BANK, *et al.*, ) | |
| ) Defendants. ) | |

This matter comes before the Court on Plaintiff Belfor's Memorandum in Support of Request for Order Granting Award of Attorneys' Fees Incurred in Connection with Motion to Compel Discovery Responses from Defendant Teresina Mahoney (#108), filed on October 18, 2011. To date, Defendant Mahoney has filed no response to Plaintiff's Memorandum, and the time for objections has expired.

## **BACKGROUND**

This matter arises out of a services contract entered into by Belfor and Defendant Mahoney, providing that Belfor would restore and repair Defendant Mahoney's property following an insured fire loss in exchange for the rights, title and interest to all of the insurance proceeds. On July 7, 2011, Belfor served its First Set of Discovery Requests on Mahoney, which she failed to respond to in any way. Consequently, on August 24, 2011, Belfor filed a Motion to Compel Answers to Interrogatories and Production of Documents (#93) against Defendant Mahoney. Defendant Mahoney failed to respond to Belfor's motion to compel.

On October 13, 2011, the Court entered an Order (#107), granting Belfor's motion and ordering Mahoney to fully and completely respond to Belfor's discovery requests by October 21, 2011. The Court also awarded Belfor their reasonable attorney's fees and costs associated with

1  bringing their motion.  Belfor was ordered to submit a memorandum of fees and costs that they
2  incurred as a direct result of obtaining the Court's Order (#107).  On October 27, 2011, Belfor filed
3  a Motion for Default Judgment Against Teresina Mahoney and Dismissal of Defendant Mahoney's
4  Counterclaims (#112), based in part on Defendant Mahoney's failure to comply with the Court's
5  order and respond to Belfor's discovery requests.  On November 1, 2011, the Court granted default
6  judgment against Teresina Mahoney and dismissed her counterclaims.  (*See* #113)  Belfor now
7  brings this Memorandum in response to the Court's Order (#107), requesting reimbursement of fees
8  and costs in the amount of $848.00.

## DISCUSSION

10        The Supreme Court has held that reasonable attorney fees must "be calculated according to
11 the prevailing market rates in the relevant community," considering the fees charged by "lawyers of
12 reasonably comparable skill, experience, and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895-96 n.
13 11, 104 S.Ct. 1541 (1984).  Courts typically use a two-step process when determining fee awards.
14 *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the
15 lodestar amount "by taking the number of hours reasonably expended on the litigation and
16 multiplying it by a reasonable hourly rate."  *Id.*  Furthermore, other factors should be taken into
17 consideration such as special skill, experience of counsel, and the results obtained.  *Morales v. City*
18 *of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996).  "The party seeking an award of fees should
19 submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of
20 hours is inadequate, the district court may reduce the award accordingly."  *Hensley v. Eckerhart*,
21 461 U.S. 424, 433 (1983).  Second, the Court "may adjust the lodestar, [only on rare and
22 exceptional occasions], upward or downward using a multiplier based on factors not subsumed in
23 the initial calculation of the lodestar."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041,
24 1045 (9th Cir. 2000).
25       Belfor requests a total of $848.00 in fees and costs associated with its Motion to Compel.
26 Belfor  requests reimbursement of attorneys' fees and costs at an hourly rate of $190.00 for the time
27 of Alexander Blum, Esq., based on his one year experience, and an hourly rate of $395.00 for the
28 time of Eric Linden, Esq. based on his 30 plus years of experience.   After reviewing Plaintiff's

Memorandum of Costs and Fees and the affidavits of Alexander Blum and Eric Linden, the Court finds that the Belfor has offered sufficient evidence that the above hourly rates are reasonable.

Belfor further states that they spent a total of 3.6 hours on the motion to compel. Specifically, Mr. Blum spent 2.8 hours drafting and revising the motion, and Mr. Linden spent 0.8 hours revising and finalizing the motion. The Court finds that 3.6 hours is a reasonable amount of time to spend on Belfor's motion to compel. Therefore, based on the reasonable hourly rates discussed above, the Court will award attorneys' fees to Plaintiff Belfor in the amount of $848.00. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees, and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.

**IT IS HEREBY ORDERED** that Defendant Mahoney is ordered to pay Plaintiff Belfor the sum total of **$848.00.** Defendant is further ordered to make the payment to Plaintiff by **December 9, 2011.**

DATED this 2nd day of November, 2011.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE